Porter, J.
Interrogatories were propounded in this case to the garnishee, for the purpose of ascertaining what credits and effects of the defendant were in his hands. He answered, that he had $334 82 cents, which he had ever been willing to pay over, but which he now intended retaining possession of, to indemnify him from any damages he might sustain from an illegal attachment, which had issued from a court in Pennsylvania, against *629 his property, in a suit of some person against the said M‘Donogh.
There was judgment against the principal debtor, and an order that the garnishee pay over the amount due M‘Donogh, in satisfaction. From this decree Rogers has appealed.
The appellee insists, that the decision rendered in the inferior court was correct, on two grounds:—
1. On the general principle, that it is not priority of suit but priority of judgment that gives a preference in the thing attached.
2. That admitting the position to be incorrect, the answer of the garnishee fully authorises the decree which the district court rendered in this case.
I. I have looked into many of the authorities on this subject; there are cases to be found not materially different from the present one, in which the garnishee has been protected, and I think justly. In New-York, 5 John. 102, where the debtor plead in abatement, that an attachment had been previously levied in Maryland, at the suit of a creditor of the plaintiff, and that he had been summoned as garnishee in it. The court sustained the exception, and ordered the action to *630 abate. In a case similarly circumstanced in Massachusetts, 8 Mass. Rep. 458, it was decided, that the second suit should stand continued until the result of the first was ascertained.
If the decisions of these courts were of authority here, they would free us from all difficulty in this case; but they are not; and in the absence of any positive rule, the cause must be decided according to equity and justice. Civil Code, p. 6, art. 21. Taking this principle as a guide, and looking at the facts, we find a person who has committed no fault that I can discover, sued by different creditors, of an individual to whom he is indebted, and placed in a situation in which he runs the risk of being compelled to pay twice. His claim, therefore, to protection is strong, and nothing but positive law can destroy it. If the appellant shewed that he had already paid this money, he could not be compelled to pay it again. If he presented a copy of a judgment in a court of another state, directing him to pay it, I presume there cannot be a doubt but it would be a bar here. If his present situation is one in which both these circumstances may be the result of the pre *631 vious proceedings against him, his right to relief is as imperious and as equitable.
There is a well known maxim that may aid us in this investigation, qui prior est tempore potior est jure, and this does not, in cases of attachment, apply to the first judgment, for the lien commence with the seizure. The court in Pennsylvania will, no doubt, act on this principle, and I think we should; for we would not permit the act of a garnishee going abroad, and subjecting himself to a recovery in another state, to defeat a privilege which a creditor had acquired by attachment under our law.
II. The answer of the garnishee does not, in my opinion, authorise the order given by the district court. His swearing that it was an illegal attachment that had been taken out in the first suit, ought not to prevent him from holding the effects in his hands to await its final result. For this declaration is nothing more than a matter of opinion; and to make it conclusive, we should be satisfied that the garnishee is a competent judge of a legal question; and that the court before which the attachment was taken out, will not mistake the law. But we doubt the knowlege of the *632 appelant, and we cannot be certain that the tribunal before which it is pending, will decide the case correctly.
From the most attentive consideration I have been able to give this case, I think, that both on principles of law and justice, the district court erred in decreeing the garnishee to pay over the money. Time should have been given to await and ascertain the decision of the suit pending in Pennsylvania, before judgment was entered up here.
I conclude, therefore, that the judgment of the district court should be annulled, avoided and reversed, so far as it directs the payment of the.money in the garnishee’s hands; and that the cause be remanded, with directions to the judge to stay all further proceedings against the garnishee, until the decision of the attachment, pending in Pennsylvania, be ascertained, and that the appellee pay the costs of this appeal.